**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JUSTIN ALLEN MICHAEL ARTIS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:08-CV-1177-M** |
| | ) | |
| **PAUL BARTUSH, ET AL.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS:**

Plaintiff filed this complaint alleging Defendants violated his civil rights. Defendants are Gainsville State School employees Paul Bartush, James Darby and Althony Biggs.

On June 30, 2009, the Court ordered the parties to participate in a Scheduling Conference and to prepare a Joint Report. Plaintiff's counsel did not comply with the Court's order. On August 12, 2009, the Court ordered Plaintiff's attorney to appear on August 26, 2009, to show cause why he should not be sanctioned for failing to comply with the Court's order. Neither Plaintiff's counsel, nor Plaintiff, appeared at the August 26, 2009, show cause hearing.

On August 27, 2009, the Court ordered Plaintiff's counsel to appear on September 10, 2009, to show cause why he should not be sanctioned for failing to appear at the August 26, 2009, show cause hearing. A copy of this order was mailed to Plaintiff's address. Plaintiff's counsel did not appear at the September 10, 2009, show cause hearing. Plaintiff also did not

appear at the hearing.  On September 9, 2009, the show cause order mailed to Plaintiff was returned as undeliverable.  The Court has no alternative address for Plaintiff.

**Discussion:** Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).  Plaintiff has failed to provide the Court with a current address.  Plaintiff's counsel has repeatedly failed to comply with Court orders.  Accordingly, the complaint should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

**RECOMMENDATION:**

The Court recommends that the complaint be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

Signed this 9th day of November, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**


A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).